UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO WARE,

    Petitioner,

v.

HUGH WOLFENBARGER,

    Respondent,

_____/

Civil No. 2:07-CV-10964
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Antonio Ware, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; three counts of assault with intent to commit murder, M.C.L.A. 750.83; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long*

*v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Victoria Seldon, who (sic) had three children with defendant, Alexis Ware was four years old, Andreyus Ware was two years old, and Amari Ware was twenty months old. All of the children resided with their mother in an apartment in Detroit.
>
> Our record reveals that defendant and Seldon lived together on and off throughout the course of their eight-year relationship, however, they were not living together on June 27, 2002. Testimony indicated that on that date, defendant smoked some marijuana with friends at 5:00 or 5:30 p.m., he then picked the children up from the babysitter, dropped his friends off at Hart Plaza to watch the fireworks, and drove to a park with his children. After playing at the park, they were waiting in the parking lot for Seldon to finish her shift at work when defendant heard voices on the radio telling him to shoot the hottest child because heat was an indicator of the devil, a monster, or a demonic presence. Defendant felt his children's foreheads, and he noticed that they all felt hot. Because he thought the radio might be "playing games" with him, he did not shoot his children at that time. When Seldon finished her shift at 10:00 p.m., she and defendant argued about getting gas for the car while they were driving to Seldon's apartment.
>
> Shortly after arriving at the apartment, defendant helped the children get ready for bed. Defendant was in the bedroom with Seldon, who was holding Amari. Defendant called Alexis and Andreyus into Seldon's bedroom, told them to get in the bed, and hugged and kissed them. Defendant then felt their foreheads again and noticed that his children's foreheads seemed hot when he kissed them, so he pulled a gun out of his pocket and held the gun to Andreyus' head. Seldon testified that she pushed the gun away from Andreyus' head, causing defendant to run out of the room. Defendant returned and tried to get back into the room, but Seldon was blocking the door. Defendant stuck his arm through the opening in the door and fired several gunshots into the room. A bullet grazed Andreyus' left ear, and Seldon noticed that Amari was not moving. Defendant fled, the police chased him, eventually apprehending and arresting him. Amari died as the result of a gunshot that entered her left arm and traveled into her chest.
>
> *People v. Ware,* No. 247142, * 1-2 (Mich.Ct.App. June 29, 2004).

2

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 885, 695 N.W.2d 67 (2005). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, which the trial court denied. *People v. Ware,* No. 02-008665-01 (Wayne County Circuit Court, December 14, 2005). The Michigan appellate courts denied petitioner leave to appeal. *People v. Ware,* No. 269770 (Mich.Ct.App. October 26, 2006); *lv. den.* 477 Mich. 1032, 727 N.W.2d 615 (2007).

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Did the trai: (sic) court violated (sic) petitioner's due process by unconditionally refusing to reread petitioner's testimony in response to the jury's request, where it was critical to evaluating petitioner's insanity defense.
>
> II. Was petitioner deprived of a fair trial by having both the expert witness'es (sic) give testimony about the legal statue (sic) of Michigan's mental illness and legal insanity, when it's the sole duty of the court.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The readback of testimony claim.**

Petitioner first contends that the trial court erred in refusing the jury's request to have petitioner's trial testimony read back to them.

There is no federal constitutional law which requires that a jury be provided with a witness' testimony. *See Bradley v. Birkett,* 192 Fed.Appx. 468, 477 (6th Cir. 2006). The reason for this is that there is no U.S. Supreme Court decision that requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub,* 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a

4

state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *Bradley,* 192 Fed. Appx. at 477; *Spalla v. Foltz,* 615 F. Supp. 224, 233-34 (E.D. Mich. 1985). Petitioner is therefore not entitled to habeas relief on his first claim.

> **B. Claim # 2. The claim that the prosecutor improperly elicited legal definitions of legal insanity and mental illness from the prosecution and defense expert witnesses.**

Petitioner next claims that the prosecutor improperly elicited from both the prosecution and defense expert witnesses testimony about the definitions of legal insanity and mental illness, claiming that it is improper under both federal and Michigan law to ask an expert witness to give a legal definition of legal insanity and mental illness. [1]

The post-conviction court rejected this claim, finding that petitioner had failed to show that the definitions of legal insanity and mental illness that were given by the expert witnesses were materially different than the definitions of legal insanity and mental illness given by the trial court in its final instructions to the jurors. *Ware,* Slip. Op., No. 02-008665-01, at * 3.

---

[1] Respondent asserts that petitioner's second claim is procedurally defaulted because petitioner failed to raise this claim on direct review of his convictions, and when he raised it on state collateral review, the state appellate courts rejected the claim pursuant to M.C.R. 6.508(D). A claim is not procedurally defaulted where the Michigan Supreme Court relies upon Rule 6.508(D) without a clear and express invocation of a procedural bar and where the only state court to provide a reasoned opinion adjudicated the petitioner's claim on the merits. *See Abela v. Martin*, 380 F. 3d 915, 921-24 (6th Cir. 2004). Although the Michigan appellate courts rejected petitioner's remaining claim on the basis of M.C.R. 6.508(D), the trial court determined that petitioner's claim had no merit. Although the trial court briefly alluded to 6.508(D) in it's the beginning of its opinion, the trial court made no mention of Rule 6.508(D)(3) when denying petitioner's post-conviction claims. This Court therefore concludes that petitioner's claim is not procedurally defaulted.

5

Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

The admission of expert testimony in a state trial presents a question of state law which does not warrant federal habeas relief, unless the evidence violates due process or some other federal constitutional right. *See Keller v. Larkins,* 251 F. 3d 408, 419 (3rd Cir. 2001). Thus, a federal district court cannot grant habeas relief on the admission of an expert witness' testimony in the absence of Supreme Court precedent which shows that the admission of that expert witness' testimony on a particular subject violates the federal constitution. *See Wilson v. Parker,* --- F.3d ----, 2008 WL 220418, * 19-20 (6th Cir. January 29, 2008).

Although the Federal Rules of Evidence prevents an expert witness from testifying that a defendant in a criminal case did or did not have the requisite mental state or condition which constitutes an element of the crime charged, see F.R.E. 704(b), there is no Supreme Court authority which precludes the admission of expert testimony on an ultimate issue as a matter of federal constitutional law. *See Hopp v. Burt,* No. 2007 WL 162248, * 9 (E.D. Mich. January 16, 2007). "A state court does not violate federal law merely because it

6

does not follow federal rules of procedure." *Scruggs v. Williams,* 903 F. 2d 1430, 1434 (11th Cir. 1990). The U.S. Supreme Court's "authority to promulgate rules of procedure is limited to proceedings in federal court." *Id.* (citing to 18 U.S.C. §§ 3771, 3772). Thus, any violation by the state trial court of F.R.E. 704(b) would not entitle petitioner to relief.

Moreover, even if it was erroneous for the expert witnesses to testify as to the definitions of legal insanity and mental illness, any error would have been harmless, in light of the fact that the trial court gave the jury the proper instructions on the legal definitions of insanity and mental illness. *See U.S. v. Parris,* 243 F. 3d 286, 289 (6th Cir. 2001)(any error in permitting lay witnesses to give opinion testimony relating to the ultimate legal issue was harmless in prosecution for aiding or assisting in the preparation or presentation of false or fraudulent income tax returns; any prejudicial effect of testimony was overcome by accurate, thorough, and clear instructions given to jury regarding the law). Accordingly, petitioner is not entitled to habeas relief on his second claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate

7

whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d at 658.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal

8

*in forma pauperis.*

                          s/Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated: March 11, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2008, by electronic and/or ordinary mail.

                          s/Carol A. Hemeyer
                          Case Manager